JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEEZETTE LOPATIC  Plaintiff(s),  v.  CELGENE CORPORATION, ET. AL.,  Defendant(s). | CASE NO. SACV 09-0148 DOC (MLGx)  Orange County Superior Court Case No.: 30-2008 00115013  **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Before the Court is Plaintiff Leezette Lopatic's Motion to Remand to State Court under 28 U.S.C. § 1447 on the grounds that the District Court does not have federal question jurisdiction, and therefore, removal to this court is improper. The Court finds the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. Accordingly, the hearing set March 16, 2009 is removed from the Court's calendar. After considering the moving and opposing papers thereon, and for the reasons stated below, the Court hereby GRANTS the Motion to Remand.

**I.   BACKGROUND**

Plaintiff Leezette Lopatic ("Plaintiff"), a resident of Orange County, brought suit on November 19, 2008 in the Superior Court of the State of California. In her complaint, she states five causes of action against Defendants Celgene Corporation, Shawn Gormish and Does 1 through 10

inclusive (collectively, "Defendants") arising out of the termination of her employment with Celgene Corporation. The causes of action include: (1) wrongful discharge in violation of public policy, (2) disability discrimination, (3) discrimination based upon race and gender, (4) retaliation for complaining of discrimination, and (5) defamation.

Plaintiff's first claim alleges that she was fired in retaliation for refusing her employer's instructions to change "ICD-9" codes in violation of federal law. ICD-9-CM codes refers to the International Classification of Diseases, Ninth Revision, Clinical Modification codes. This is a coding system used to describe the diagnosis or medical condition for which medical services are rendered. *See* 42 C.F.R. §§ 424.3, 424.32.

On February 6, 2009, Defendants effected the removal of the action from the Superior Court of California for the County of Orange to the United States Central District of California. The removal was based on 28 U.S.C. §§ 1331 and 1441, which confer jurisdiction for cases involving federal questions. Defendants notice of removal alleges that Plaintiff's first cause of action is based upon, and requires interpretation of, 42 C.F.R. §§ 424.3, 424.32, a federal law. (*See* Defendant's Notice of Removal, Pg. 1-2).

On February 23, 2009, Plaintiffs moved for an order remanding the action back to the Orange County Superior Court. Plaintiffs claim the District Court lacks original subject matter jurisdiction over the dispute. Plaintiffs request remand pursuant to 28 U.S.C. §1447(c). (Plaintiff's Motion for Remand, Pg. 1-2).

**II.   LEGAL STANDARD**

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Removal of state actions is allowed only if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441. "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc*., 167 F.3d 1261, 1265 (9th Cir. 1999); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The strong aversion to removal is reflected in the "well-pleaded complaint rule," which provides federal jurisdiction only where a federal question appears on the face of a complaint.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425 (1987).  A plaintiff is the "master" of the complaint, and may avoid federal jurisdiction by relying exclusively on state law.  *Id.*; *see California ex rel. Lockyer v. Dynergy, Inc*., 375 F.3d 831, 838-39 (9th Cir. 2004).  The rule is subject to the limitation that where the *only* real claim involved is a federal claim, a plaintiff cannot defeat removal by disguising or "artfully pleading" the claim as a state law claim.  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475-76, 118 S. Ct. 921 (1998).  However, where a plaintiff can maintain claims under either federal or state law, a plaintiff can prevent removal by ignoring his federal claims and alleging only state law claims.  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

Article III, § 2 of the Constitution gives the federal courts power to hear cases "arising under" federal statutes.  However, the court will entertain a state law claim that "necessarily turn[s] on the construction of a substantial, disputed federal question." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 7-12, 27-28 (1983).

There is a long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229. "The violation of [a] federal standard as an element of state tort recovery [does] not fundamentally change the state tort nature of the action". *Merrel Dow* quoting *Moore v. Chesapeake & Ohio R. Co.*, 291 U.S. 205, 216-217 (1934).

"[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell Dow,* 478 U.S. at 817. Under the settled framework for evaluating whether a federal cause of action lies, some combination of the following factors is present: (1) the plaintiffs are not part of the class for whose special benefit the statute was passed; (2) the indicia of legislative intent reveal no congressional purpose to provide a private cause of action; (3) a federal cause of action would not further the underlying purposes of the legislative scheme; and (4) the respondents' cause of action is a subject traditionally relegated to state law. *Id.* at 810-811.

## III. DISCUSSION

Lopatic's claim for wrongful termination in violation of public policy cites 42 C.F.R. §§ 424.3, 424.32. Her suit claims that her employer violated the federal law by instructing her to fraudulently change ICD-9 codes in order to increase sales. Defendants argue that because the claim is the result of an alleged violation of a federal law that the Plaintiff's claim "arises under" federal law and, thus, is subject to federal subject matter jurisdiction.

However, Plaintiff's claim for wrongful termination is an independent state claim. "It is state, not federal, law that creates the cause of action for wrongful discharge in violation of public policy." *Rains*, 80 F.3d at 343-344.

Defendants argue that an essential part of Plaintiff's wrongful termination claim is whether she had a good faith or reasonable belief that she was being asked to violate federal law. They argue that the only way to determine whether Plaintiff could have reasonably and in good faith believed that she was, in fact, asked to violate the law is to interpret federal laws. As a result, Defendants argue that the only way Plaintiff can recover on her claim is by resolving a substantial issue of federal law. Thus, according to Defendants, the action arises under federal law and is properly before the District Court. (See Defendant's Opp. at 5).

The federal law at issue is the Department of Health and Human Services Conditions for Medicare Payments, 42 C.F.R. §§ 424.3, 424.32. In order for this complaint to "arise under" federal laws and the Constitution, the Supreme Court requires Congress have determined that there should be a private, federal cause of action for the violation of the statute at issue. See *Merrell Dow,* 478 U.S. at 817. This statute was created for the purpose of outlining administrative conditions for Medicare payments. There is no indication that a private cause of action could be effected upon violation of this statute. The legislative purpose of §§ 424.3, 424.32 is to provide a guideline for the proper method of payment of Medicare bills. Congress did not intend for a private federal remedy for violations of §§ 424.3, 424.32.

In *Merrel Dow*, the Supreme Court emphasized the importance of the public policy behind

the need for a private cause of action created by a federal statute:

> The significance of the necessary assumption that there is no federal private cause of action thus cannot be overstated... [I]t would... undermine congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation of the federal statute is said to be a 'rebuttable presumption' or a 'proximate cause' under state law, rather than a federal action under federal law.

*Merrel Dow*, 478 U.S. at 812.

Because the instant complaint does not arise under federal law, Plaintiff could not have originally filed the instant complaint in federal court, as required by § 1441. Federal question jurisdiction would exist only if Plaintiff's right to relief depended necessarily on a substantial question of federal law, and it does not in this case. Here, the Plaintiff's cause of action was created by state law. The federal law involved in the complaint is administrative and does not provide for a private cause of action. Consequently, the instant cause of action did not arise under federal law and was improperly removed to federal court.

### IV. OUTCOME

For the reasons stated above, the Court GRANTS Plaintiff's Motion to Remand this matter to the California State Superior Court for the County of Orange.

IT IS SO ORDERED

DATED: March 9, 2009

_____
DAVID O. CARTER
United States District Judge

5